**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 1, 2019[*]
Decided May 2, 2019

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-2610

| | |
|---|---|
| GLENN CARTER, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 16-CV-98-NJR-DGW |
| JOHN COE, LYNNE PHILLIPE, and JAMES FENOGLIO, *Defendants-Appellees.* | Nancy J. Rosenstengel, *Chief Judge.* |

## O R D E R

Glenn Carter, an Illinois state inmate, alleges that two prison doctors and a nurse denied him adequate medical treatment for his anemia in violation of the Eighth Amendment. The district court entered summary judgment for the defendants, concluding that no reasonable jury could find that they were deliberately indifferent to Carter's serious medical needs. We affirm the judgment.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

In February 2012, while incarcerated at Lawrence Correctional Center, Carter was diagnosed with mild iron-deficiency anemia. The condition was discovered as a result of routine blood testing at the prison's chronic hypertension clinic. After examining Carter, ordering further tests, and reviewing x-rays, a nurse prescribed him daily iron supplements. In June 2012, blood tests ordered by Dr. James Fenoglio, the prison's medical director, revealed that Carter's iron levels had returned to normal. Because additional tests in October and March confirmed that Carter's anemia had resolved, his iron supplements were discontinued in March 2013.

In March 2015, blood-test results again revealed low iron and hemoglobin levels, so Lynne Phillipe, a nurse at the prison, prescribed iron supplements. Dr. John Coe, who had replaced Dr. Fenoglio as medical director in April 2013, wrote in Carter's medical chart: "Review of his labs shows an unevaluated anemia in 2012 that resolved with iron but now returned." As Dr. Coe later explained in an affidavit, this note "was in no way stating that the providers in 2012 failed to perform any test that they were required to or otherwise should have." In his view, the diagnosing nurse (who is not a defendant) took "every reasonable step" to identify the cause of Carter's anemia by conducting a physical exam and ordering blood tests and x-rays.

In June 2015, lab results showed that Carter still was mildly anemic, but his condition had "significantly improved." He also tested positive for H. Pylori bacteria, which Dr. Coe believed had caused the return of Carter's anemia. Dr. Coe prescribed an antibiotic. The next month, Carter was transferred to Pontiac Correctional Center.

In January 2016, Carter filed suit under 42 U.S.C. § 1983, alleging that Fenoglio, Coe, and Phillipe were deliberately indifferent to his anemia in violation of his Eighth Amendment rights. He also sued their employer, Wexford Health Sources, Inc., but the district court dismissed the claim against Wexford at screening. *See* 28 U.S.C. § 1915A.

The individual defendants moved for summary judgment, arguing that their conduct did not violate Carter's constitutional rights and that, alternately, they are protected from suit under the doctrine of qualified immunity. The district court granted their motion, concluding that Carter had not produced sufficient evidence to support a finding that any defendant was deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Further, the court noted, the undisputed evidence reveals that, to the extent the named defendants were involved in Carter's treatment at all, they adequately evaluated and treated his anemia. Carter moved to alter or amend the judgment, *see* FED. R. CIV. P. 59(e), alleging several errors in the

district court's order, including an incorrect statement that he had been transferred to Pinckneyville Correctional Center, instead of Pontiac. The court denied the motion.

On appeal, Carter challenges the district court's entry of summary judgment in the defendants' favor. But even construing the facts and all reasonable inferences in Carter's favor, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), the undisputed evidence shows that Carter's anemia was diagnosed, treated, monitored, and effectively resolved in 2012. And Carter has no evidence to connect its recurrence more than two years later to any treatment decision or failure to act on the part of any defendant. The record does not support his general criticism that the defendants failed to "follow up."

Dr. Coe's 2015 notation that Carter's anemia was "unevaluated" in 2012 does not create a genuine issue of fact, for, in the same sentence, Dr. Coe recognized that Carter's anemia had been "resolved with iron" (which he then re-prescribed). Moreover, he later clarified that he did not intend to criticize Carter's earlier treatment.

Carter also argues that the district court erred by not addressing his claim against Wexford. But the court properly dismissed this claim at screening because Carter did not allege any plausible basis for holding Wexford responsible. Nothing in the complaint suggests that Wexford (through its contract with Illinois) maintained an unconstitutional policy or custom that violated Carter's rights. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658 (1978); *Perez v. Fenoglio*, 792 F.3d 768, 780 (7th Cir. 2015).

Carter also maintains that the court erred by not ruling on the defendants' qualified-immunity defense. He does not explain how that prejudiced him, but, in any case, the district court did not err. Once the court determined that no defendant had violated Carter's constitutional rights, it was no longer necessary to address qualified immunity. *See Whitley v. Albers*, 475 U.S. 312, 327–28 (1986).

Finally, Carter challenges the denial of his motion to amend the judgment, but we see no abuse of discretion in this decision. *See Cehovic-Dixneuf v. Wong*, 895 F.3d 927, 932 (7th Cir. 2018). Carter identifies only one factual error in the summary-judgment order—the name of the prison he was sent to—but he has not shown (nor could he) that this error affected the court's decision about the medical care he received at Lawrence.

We have considered Carter's other arguments, and none has merit.

AFFIRMED